While I agree that the trial court had in personam
jurisdiction over Shrout, I think that the language in the opinion is overbroad. The majority opinion seems to imply that the mere fact that an out-of-state resident is alleged to have defrauded an Alabama resident gives Alabama courts in personam
jurisdiction over the out-of-state resident.
What is actually required is that the out-of-state resident have sufficient contacts with this state to make it fair and reasonable to require him to come to Alabama to defend. Rule 4.2 (a)(2)(I), A.R.Civ.P.; Alabama Waterproofing Co. v. Hanby,431 So.2d 141 (Ala. 1983); International Shoe Co. v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This test was met. Those acts constituting sufficient contacts consisted of (1) Shrout's association with Financial Advisors, a Montgomery, Alabama, based corporation which put Thorsen in touch with Shrout and (2) a letter mailed by Shrout to Marian Brantley of Financial Advisors in which Shrout requested that Thorsen send Shrout $25,500, $500 of which was to be used to pay Shrout's fee and $25,000 of which was to be placed in an escrow account as "good faith" money. But for the letter requesting Thorsen to send Shrout money, Thorsen would not have been damaged.
ALMON, J., concurs.